UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARIAN ALEXANDER BROOKS,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA COURTS, Individual & Official Capacity; MINNEHAHA COUNTY JAIL STAFF, Individual & Official Capacity; STATE OF SOUTH DAKOTA DEPARTMENT OF CORRECTIONS STAFF, Individual & Official Capacity; ZACHARY RUNGE, Individual & Official Capacity;[1]<br><br>Defendants. | 4:25-CV-04002-ECS; AND 4:25-CV-04029-ECS<br><br><br><br>OPINION AND ORDER CONSOLIDATING CASES, GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, AND 1915A SCREENING |

On January 3, 2025, Plaintiff Marian Alexander Brooks filed a "Civil Rights Complaint" against the State of South Dakota Courts, Minnehaha County Jail Staff, South Dakota Department of Corrections ("DOC") Staff, and Zachary Runge (collectively "Defendants"). 25-cv-04002, Doc. 1. Brooks sues all Defendants in their individual and official capacities. Id. at 1–2. In this Complaint, Brooks maintains that he filed a previous lawsuit and requests to amend his Complaint in that case. Id. at 2.

I. **Consolidation**

On February 28, 2025, Brooks filed a second Complaint and a second case file was opened. 25-cv-04029, Doc. 1. That Complaint was signed on November 26, 2024. Id. at 7.

---

[1] Because Brooks amended his Complaint, this Court does not list certain Defendants that are listed in his original Complaint but that are omitted in his Amended Complaint. Compare 25-cv-04002, Doc. 1, with 25-cv-04029, Doc. 1.

1

Brooks's earlier filed Complaint, which he claimed was amending his "earlier" one, was signed on December 26, 2024. 25-cv-04002, Doc. 1 at 7.[2] Federal Rule of Civil Procedure 42(a) gives a district court discretion to "join for hearing or trial any or all matters at issue in the actions; [or] consolidate the actions" if there are common questions of law or fact. Brooks's complaints contain common questions of law and fact as he states that he intended to amend his earlier signed Complaint. Compare id. with 25-cv-04029, Doc. 1. Thus, the consolidation of 25-cv-04002 and 25-cv-04029 is proper and these cases are hereby joined. For administrative purposes, the earlier filed case, 25-cv-04002, is designated as the lead case and the Court considers only his Amended Complaint[3] in that case, Doc. 1.

## II.   Motion for Leave to Proceed in Forma Pauperis

In both cases, Brooks moved for leave to proceed in forma pauperis. See 25-cv-04002, Doc. 2; 25-cv-04029, Doc. 4. Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Thus, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

---

[2] For reasons discussed below, the Court will treat this as Brooks's Amended Complaint.
[3] Federal Rule of Civil Procedure 15(a)(1)(A) allows a party to amend a pleading once as a matter of course within 21 days after serving it. Defendants have not yet been served. Thus, Brooks is granted leave to amend his Complaint as a matter of course. This Court will analyze Brooks's claims based on his Amended Complaint in light of his amendment.

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Brooks reports that he has no money in his prisoner trust account. See 25-cv-04002, Doc. 3; 25-cv-04029, Doc. 2. Based on this information, this Court grants Brooks leave to proceed in forma pauperis and waives his initial partial filing fee because the initial partial filing fee would be greater than his current balance. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

To pay his filing fee, Brooks must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The prisoner's institution has the burden to collect the additional monthly payments and forward them to the Court. See id. The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Brooks's institution. Brooks remains responsible for the entire filing fee,[4] as long as he is a prisoner. See In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997).

### III.    1915A Screening

#### A.    Factual Background

In his Amended Complaint, Brooks[5] makes various constitutional claims against a variety of state and county entities and one individual correctional officer at the Jameson Prison Annex

---

[4] Because Brooks tried to amend his Complaint, not open a new case, he will be responsible for only one filing fee.
[5] In both his Complaint and Amended Complaint, Brooks refers to himself as "Dionysus's son of God, Satan's son." 25-cv-04002, Doc. 1 at 4.

("JPA"). 25-cv-04002, Doc. 1. Brooks largely maintains that his Seventh Amendment right was violated because he "should not have been given a jury trial in [his] aggravated assault case due to [his] incompetence." Id. at 8. He similarly contends that his Fourteenth Amendment due process rights were violated because he should have been "acquitted . . . of all charges and released from prison" because he was found not competent. Id. at 4, 8, 12. He asserts that his Fourth Amendment rights were violated because courts, his counsel, and South Dakota DOC staff did not promptly release him from prison. Id. at 8, 12. He also contends that his Eighth Amendment rights are being violated as he has been beaten in county jail and the JPA. Id. at 6, 12. Brooks requests to be released from prison and for $17,500,000.00 in damages. Id. at 7.

Four months after filing his Amended Complaint, Brooks filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.[6] 25-cv-04085, Doc. 1. In this petition, Brooks states that he is incarcerated at the South Dakota State Penitentiary in the JPA. Id. at 1. Brooks claims that he is serving a 15-year sentence for aggravated assault. Id. at 1–2. He maintains that he appealed this conviction to the South Dakota Supreme Court and is "still waiting" for the results. Id. at 2. Brooks asserts the same claims in his habeas petition as he does in his Amended Complaint. Compare id. with 25-cv-04002, Doc. 1.

### B. Legal Standard

Under 28 U.S.C. § 1915A(a), this Court must screen any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails

---

[6] The Court only mentions Brooks's habeas petition for context.

to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When screening a complaint under § 1915A, a court must assume as true all facts well pleaded in the complaint. Scott v. Carpenter, No. 4:23-CV-04020-RAL, 2023 WL 4249200, at *4 (D.S.D. June 29, 2023) (citing Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995)). Courts must liberally construe pro se and civil rights complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Even with a liberal construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citing Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir. 1981)). "Civil rights complaints cannot be merely conclusory." Scott, 2023 WL 4249200, at *4 (citing Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam)).

The complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation modified). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. (citation modified); Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (citing Twombly and noting parenthetically that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory"). When a complaint "does not contain these bare essentials, dismissal is appropriate." Tornquist v. South Dakota, 4:23-cv-04195-LLP, 2024 WL 3967357, at *2 (D.S.D. Aug. 28, 2024) (citing Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985)).

5

### C. Legal Analysis

#### 1. Improper § 1983 Claims

Brooks through his Fourth, Seventh, and Fourteenth Amendment claims seeks release from prison as he alleges that he should not have been convicted of aggravated assault because he was and still is incompetent. 25-cv-04002, Doc. 1 at 4–12. These claims "lie[] at the intersection of" 42 U.S.C. § 1983 and 28 U.S.C. § 2254. Heck v. Humphrey, 512 U.S. 477, 480 (1994). Both statutes provide a remedy for unconstitutional acts by state officials, but they "differ in their scope and operation." Id.

"Federal law opens two main avenues to relief" for persons in custody: a petition for habeas corpus and a complaint under 42 U.S.C. § 1983. Hill v. McDonough, 547 U.S. 573, 579 (2006). Challenges to the validity of any confinement "are the province of habeas corpus," while challenges to the circumstances may be brought under § 1983. Id. While some factual overlap may exist between the validity and circumstances of confinement, petitions for habeas corpus and complaints under § 1983 are "mutually exclusive." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006). Claims under § 1983 "must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements." Nelson v. Campbell, 541 U.S. 637, 643 (2004). Thus, § 1983 claims that "would necessarily imply the invalidity of a conviction or sentence" are not cognizable. Heck, 512 U.S. at 487. However, if a successful claim under § 1983 would not demonstrate that the conviction or sentence is invalid, the claim may be allowed to proceed. Id. Accordingly, when a prisoner pursues a § 1983 claim, a district court must determine "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. If it would, the claim must be dismissed unless "the conviction or sentence has already been invalidated." Id.

Brooks continuously alleges that he was and still is incompetent. Accepting this allegation as true, "success on his competency claim in this action would necessarily implicate the validity of his convictions because, in that case, his convictions would necessarily rest on constitutionally faulty proceedings." Siskos v. Sec'y, Dep't of Corr., 817 F. App'x 760, 766 (11th Cir. 2020) (determining that "there is no 'immunity' from the Heck bar available to him based on his alleged incompetence"). Because Brooks's claims on this ground implicate the validity of his conviction, this Court must dismiss his claim unless his "conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. Brooks's conviction has not been invalidated as it is still pending before the South Dakota Supreme Court. See 25-cv-04085, Doc. 1 (Brooks stating in his subsequent habeas petition that he is "still waiting" for the South Dakota Supreme Court's decisions); State v. Brooks, No. 30581, at 1–5[7] (S.D.) (Case Summary of Brooks's appeal of his aggravated assault conviction stating that the case is "not ready for a hearing" as of June 2, 2025). Therefore, Brooks's Fourteenth Amendment claims are barred by Heck.

As for Brooks's Fourth and Seventh Amendment claims challenging his imprisonment, those challenges are also not cognizable in a § 1983 action and must be dismissed. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. Accordingly, the only claims that remain are Brooks's Eighth Amendment claims, which do not implicate the validity of his conviction. 25-cv-04002, Doc. 1 at 12.

---

[7] The pin cite reflects the PDF page of Brooks's "SD Supreme Court File."

Brooks, however, does not explain how the "State of South Dakota Courts," as Brooks identifies them, violated his Eighth Amendment rights. Thus, all of Brooks's claims against the "State of South Dakota Courts" are dismissed with prejudice.

### 2. Minnehaha County Jail Staff

Brooks's claims against the Minnehaha County Jail Staff also must be dismissed. The Minnehaha County Jail Staff is not amenable to suit because it is not a juridical entity. See Owens v. Scott Cnty. Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit." (citing De La Garza v. Kandiyohi Cnty. Jail, 18 Fed. App'x 436, 437 (8th Cir. 2001)). Because the Minnehaha County Jail Staff is not a suable entity, this Court dismisses Brooks's claims against them with prejudice.

### 3. South Dakota DOC

Brooks's claims against the South Dakota DOC must be dismissed. A state and its agencies sued for monetary relief are not "persons" for purposes of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70 (1989). And unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state "cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 166, 167 n. 14 (1985). The South Dakota DOC as an entity, therefore, is not a proper party to a § 1983 action and Brooks's claims against them must be dismissed with prejudice.

### 4. Official Capacity Claim for Money Damages Against Runge

Brooks's claims against Runge in his official capacity must be dismissed. State officials may be sued in their official capacities, their individual capacities, or both. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir.1999). State officials sued for monetary relief in their official capacities, however, are not "persons" subject to § 1983 liability because suits against

8

them in their official capacities are actually suits against the state itself. Will, 491 U.S. at 64, 71. Section 1983 claims may be brought only against "persons" who, under color of state law, subject others to the deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States. Thus, all claims against Runge in his official capacity for *money damages* will be dismissed with prejudice.

### 5. Eighth Amendment Claim Against Runge

As a result of this Court's above determinations, the only claim that remains is Brooks's Eighth Amendment excessive force claim for money damages against Runge in his individual capacity. Brooks maintains that while he was in the custody of the South Dakota DOC he "was beaten and taken to the ground physically on several different occasion[s]." 25-cv-04002, Doc. 1 at 6. Brooks recalls one specific incident on May 22, 2024, in JPA with the following correctional officers: "Zachary Runge, Josi Schmit, Morgan Deppe, William Spongenberg, Edward Reyes-Nunes, Rachel Schmitz, Jole Downs, [and] Sathamma Dovan-Gpanya." Id. at 9.

On this date, Brooks alleges that he "was walking out of the shower and was told by Satan to run out of the unit to leave prison so [he] took off . . . [and] tried to squeeze past" certain correctional officers. Id. Brooks states he was then "slammed to the ground then dragged back the cell." Id. He contends that Runge was waiting for him at his cell "holding on a rope attach[ment] to [Brooks's] cuffs" and pulled him into to doorway. Id. Brooks claims that this caused his arm to be extended. Id. Brooks maintains that later that same day Runge went to his cell, doused him with chemical spray, restrained him, and then threw him in a suicide watch cell for no reason. Id.

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain." Hudson v. McMillian, 503 U.S. 1, 5

(1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). In considering an Eighth Amendment claim for excessive force, the "'core judicial inquiry' is whether the accused officers applied force 'in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Peterson v. Heinen, 89 F.4th 628, 635 (8th Cir. 2023) (quoting Hudson, 503 U.S. at 7). To determine whether force was reasonable and applied in good faith, courts consider "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Hudson, 503 U.S. at 7).

Here, Brooks alleges facts sufficient to state an Eighth Amendment claim for excessive force against Runge. Significantly, Brooks alleges Runge pulled him into to the doorway and injured his arm. 25-cv-04002, Doc. 1 at 9. He also maintains that Runge sprayed and restrained him for no reason. Id. This court cannot determine at this stage whether Runge's uses of force, as alleged by Brooks, constituted a "good-faith effort to maintain or restore discipline." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson, 503 U.S. at 7). Thus, Brooks's Eighth Amendment excessive force claim against Runge in his individual capacity survives § 1915A screening. However, to the extent Brooks's official capacity claim against Runge remains, his official capacity claim fails because he does not allege "that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." Moyle v. Anderson, 571 F.3d 814, 817 (8th Cir. 2009) (citation modified); see Crowley v. Lemons, No. 4:24-CV-00397, 2025 WL 1746869, at *5 (E.D. Ark. June 24, 2025) ("Official capacity claims require proof that a policy or custom of the employing entity caused the violation of the plaintiff's rights." (citing Graham, 473 U.S. 159, 166)), R&R adopted, 2025 WL 1944011 (E.D. Ark. July 15, 2025).

## IV. Order

For the above reasons, and the record as it now exists before this Court, it is hereby

ORDERED that Brooks's motions for leave to proceed in forma pauperis, 25-cv-04002, Doc. 2; 25-cv-04029, Doc. 4, are granted. It is further

ORDERED that the institution having custody of Brooks is directed that whenever the amount in Brooks's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Brooks's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1) until the $350 filing fee due in his 25-cv-04002 case is paid in full. Brooks need not pay a filing fee for his 25-cv-04029 case given this Court's determination above. It is further

ORDERED that Brooks's Fourth, Seventh, and Fourteenth Amendment claims are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Brooks's claims against the State of South Dakota Courts are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915(e)(2)(B)(iii), 1915A(b)(1), and 1915A(b)(2). It is further

ORDERED that Brooks's claims against the Minnehaha County Jail Staff are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915(e)(2)(B)(iii), 1915A(b)(1), and 1915A(b)(2). It is further

ORDERED that Brooks's claims against the South Dakota DOC are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915(e)(2)(B)(iii), 1915A(b)(1), and 1915A(b)(2). It is further

ORDERED that Brooks's claims against all defendants in their official capacities for money damages including such claims against Runge are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). It is further

ORDERED that Brooks's official capacity claims against Runge are dismissed without prejudice 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Brooks's Eighth Amendment excessive force claim against Runge in his individual capacity for money damages survives § 1915A screening. It is further

ORDERED that the Clerk of Court shall send blank summons forms and Marshal Service Forms (Form USM-285) to Brooks so that he may cause the Amended Complaint (25-cv-04002, Doc. 1) to be served on Runge. It is further

ORDERED that Brooks shall complete and send the Clerk of Court a summons and USM-285 form for Runge within thirty days from the date of this Order. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the Amended Complaint may be dismissed. It is further

ORDERED that the United States Marshal Service shall serve the completed summons, together with a copy of the Amended Complaint (25-cv-04002, Doc. 1) and this Order, upon Runge. It is further

ORDERED that Runge shall serve and file an answer or responsive pleading to the Amended Complaint on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3). It is finally

ORDERED that Brooks will keep the Court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

DATED this 29th day of July, 2025.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE